UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANCILLA WILLIAMS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 10-11629

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_June 10, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Ancilla Williams ("Plaintiff") applied for Social Security Disability Insurance Benefits on October 17, 2006, alleging that she became disabled on June 8, 2006. The Social Security Administration denied her claim at the initial administrative stages. After holding a hearing, Administrative Law Judge ("ALJ") Ethel Revels issued a June 27, 2008 decision in which she concluded that Plaintiff was not disabled prior to June 26, 2008, but became disabled on that date. The Appeals Council denied Plaintiff's request for review on February 18, 2010. Thus, the ALJ's decision became the final decision of Defendant Commissioner of Social Security ("Commissioner"). On April 21, 2010, Plaintiff filed this action, seeking judicial review of the Commissioner's decision.

Plaintiff and the Commissioner have each moved for summary judgment.  The Court has referred these motions to Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B).  On April 4, 2011, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") in which she concludes that substantial evidence supports the Commissioner's decision.  Magistrate Judge Majzoub recommends that this Court deny Plaintiff's motion and grant the Commissioner's motion.  At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object and seek review of the R&R within fourteen days of service upon them.  Due to a clerical error, Plaintiff filed objections to the R&R on May 10, 2011, after the time period for objections had expired.  Plaintiff also filed a motion to allow her untimely objections.

## I. Standard of Review

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).  The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion.

*Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id.*

## II. Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 8, 2006. A.R. at 12.

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

---

[2] The ALJ concluded that Plaintiff has the following severe impairments: a sleep disorder; Bell's Palsy; diabetes; obesity; hypertension; a back disorder; a knee disorder; depression; and anxiety. A.R. at 12.

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. A.R. at 12.

[4] The ALJ found that Plaintiff had the residual functional capacity to perform sedentary work, subject to the following restrictions: she cannot work at hazardous heights or around hazardous machinery; she can do no bending, climbing of ladders, stairs, or scaffolds, and no frequent climbing of ramps; she must use a cane for ambulation; she can only do simple, repetitive tasks due to moderate limitations in concentration; she requires the option to stand or sit at will every 30 minutes; she can stand for 30 minutes at a time, and must limit walking to 1/4 block at a time; she can lift less than 10 pounds frequently and up to 10 pounds occasionally; and she can sit or stand 6 of 8 hours in an 8-hour workday. A.R. at 13-14. Based on this finding, the ALJ concluded that Plaintiff is unable to perform her past relevant work as a bus driver. A.R. at 17.

[5] The ALJ noted that Plaintiff was 47 years old on the alleged onset date of disability, but as of June 26, 2008, her age category changed to that of a "person closely approaching advanced age." A.R. at 17. The ALJ concluded that prior to June 26, 2008, there were a significant number of jobs in the national economy that Plaintiff could have performed, considering her age, education, work experience, and residual functional capacity. A.R.

As stated in the R&R, Magistrate Judge Majzoub found substantial evidence in the record to support the ALJ's determination at each step. Plaintiff has filed objections to the R&R.

The Court notes that Plaintiff's objections were not timely filed. The Court may for good cause extend the time for filing objections where a party fails to act due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Knox v. Palestine Liberation Org.*, 229 F.R.D. 65, 68 (S.D.N.Y. 2005). The Court concludes, however, that it need not reach the issue of whether excusable neglect has been shown, as Plaintiff's objections lack merit. The Court therefore adopts the R&R in its entirety.

Plaintiff argues that her treating physicians were in a better position than the ALJ to evaluate the severity, degree, and duration of her limitations. The ALJ noted restrictions set forth by two of Plaintiff's treating physicians, Dr. Raimonds Zvirbulis and Dr. Demetrio Nasol, and actually included even more stringent restrictions in her findings of fact. A.R. at 17. Plaintiff was also treated by Dr. Mark Rottenberg, but the ALJ correctly observed that Dr. Rottenberg failed to note any restrictions that would preclude sedentary work. A.R. at 15. The ALJ properly considered the restrictions described by Plaintiff's treating physicians. The Court therefore rejects Plaintiff's objection.

Plaintiff objects to Magistrate Judge Majzoub's analysis of the ALJ's decision to assign Dr. Rottenberg's conclusions limited weight. Magistrate Judge Majzoub correctly noted that the conclusion of whether Plaintiff is disabled is reserved to the Commissioner.

---

at 17. The ALJ further concluded that beginning on June 26, 2008, when Plaintiff's age category changed, there were not a significant number of jobs in the national economy that she could perform. A.R. at 18.

5

R&R 10; *see* 20 C.F.R. § 404.1527(e)(1). The ALJ expressly stated that she considered Dr. Rottenberg's treatment notes, and found no restrictions that would preclude sedentary work. A.R. at 15. Dr. Rottenberg opined that Plaintiff could not return to her job as a bus driver. A.R. at 328-30. Dr. Rottenberg, however, did not address whether Plaintiff was capable of performing other work. The Commissioner's regulations require the ALJ to complete this inquiry, 20 C.F.R. § 404.1520(a)(4)(v), and the ALJ concluded that Plaintiff could perform sedentary work, subject to a variety of restrictions. A.R. at 13-14. The ALJ appropriately considered the evidentiary record in concluding that Plaintiff was not disabled prior to June 26, 2008. Accordingly, Plaintiff's objection must be rejected.

### III. Conclusion

After careful review, the Court finds that Plaintiff's objections to Magistrate Judge Majzoub's R&R lack merit. The Court concurs with Magistrate Judge Majzoub's determination that the Commissioner's decision was supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that the Court adopts Magistrate Judge Majzoub's Report and Recommendation to **AFFIRM** the decision of the Commissioner;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED** and the Commissioner's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Barry F. Keller, Esq.

Judith E. Levy, A.U.S.A.
Magistrate Judge Mona K. Majzoub